# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

Melinda Harris

     Plaintiff

v.

Academic Enterprises Inc., d/b/a The
Sawyer School

     Defendant

**CA 08   229**

C.A. NO. _____

## **COMPLAINT**

### INTRODUCTORY STATEMENT/NATURE OF THE ACTION

This action is commenced by Melinda Harris (hereinafter "Plaintiff" or "Harris")
against Academic Enterprises Inc., d/b/a The Sawyer School, (hereinafter
"Defendant" or "Employer") in order to remedy and seek relief for sexual harassment
and discrimination based on gender in regard to terms, conditions, and privileges of
employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42
U.S.C. 2000e et seq.; the Rhode Island Fair Employment Practices Act, R.I. Gen.
Laws 28-5-1 et seq. ("RIFEPA"), and the Rhode Island Civil Rights Act of 1990, R.I.
Gen. Laws 42-112-1 et seq. ("RICRA"), including certain common law claims.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 2201, and
2202; 42 U.S.C.S. §§2000e-1 et seq.; R.I.G.L. 42-112-2; R.I.G.L. 28-5-24.1.

2.    Considerations of judicial economy, convenience, and fairness to the litigants warrant exercise of this court's supplemental jurisdiction with respect to Plaintiff's federal law claims.  Plaintiff's state claims are so related to Plaintiff's federal claims that they form part of the same case or controversy.  This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367(a).

3.  Pursuant to 28 U.S.C. 1391(b) and (c) and 42 U.S.C. 2000e-5(f)(3), venue is proper in this district because:

a.      The alleged unlawful practices occurred and/or are continuing to occur within the State of Rhode Island, and in this judicial district;

b.      all records relevant to the alleged unlawful practices are maintained and administered in the Defendant's principal place of business: located at its Pawtucket campus at 101 Main Street, Pawtucket, RI 02860;

c.      the Plaintiff would currently be enjoying all rights, benefits, and privileges of her employment, as a part-time employee of Defendant, at its Pawtucket, Rhode Island facility, but for the Defendant's unlawful practices.

4.      On or about October 31, 2007, Harris filed a formal Charge of Discrimination with the Rhode Island Commission for Human Rights ("RICHR") and the U.S. Equal Employment Commission ("EEOC"), alleging that she had been subjected to acts of sexual harassment, discriminated against based on her race and color,

discriminated against on the basis of her gender, and subjected to related retaliation—
RICHR #08ESH 119-01/07; EEOC #16J-2008-00027.

5.   The RIHRC and the EEOC subsequently issued Notice of Right to Sue.
(Attachment A&B.)

6.     Plaintiff has filed this action within ninety (90) days of her receipt of
federal and state Right to Sue notifications, and has fulfilled all conditions precedent to
the institution of this action under federal and/or state law.

THE PARTIES

7.   The Plaintiff, Melinda Harris ("Harris" or "Plaintiff"), an individual, is a
resident of the city of Central Falls, Rhode Island.

8.     Plaintiff Harris is a "person" within the meaning of R.I.G.L. §§28-5-6 (1)
and R.I.G.L. 42-112-1, et seq.; is an employee within the meaning of 42 U.S.C.S.
2000e(f) and R.I.G.L. 28-5-6 (C); and is an "individual" within the meaning of 42 U.S.C.
2000e-2(a).

9.     On information and belief, the Defendant, Academic Enterprises, Inc. d/b/a
The Sawyer School ("Defendant" or "the employer"), is a domestic corporation in the
business of the management and operation of training schools and programs throughout
the state of Rhode Island.  On Information and belief, the Defendant is an accredited

educational institution which operates a campus in the cities of Providence and Pawtucket in the state of Rhode Island.

10.     The Defendant owns, operates, and maintains a main facility and principal place of business at located at 101 Main Street, Pawtucket, RI 02860.

11.     At all times material to the allegations of this Complaint, the Defendant has continuously, and does now, employ at least 100 or more employees in the State of Rhode Island.

12.     At all times material to the allegations of this Complaint, the Defendant has continuously been engaged in an industry affecting commerce within the meaning of pertinent federal statutes.

13.     At all times material to the allegations of this Complaint, Defendant was and is an "employer" within the meaning of that term as applicable in pertinent federal and state statutes, and as that term is applicable to pertinent provisions of Title VII.

14.     Harris is an "individual" within the meaning of pertinent provisions defining that term under pertinent federal and state statutes and as that term in applicable to pertinent provisions of Title VII.

15.   At all times material to this action, the Defendant was an employer covered under the provisions of R.I.G.L. § 42-112-1 et seq. (The Rhode Island Civil Rights Act of 1990) and R.I.G.L. § 28-5-1- et seq. (The Rhode Island Fair Employment Practices Act). At all times material to this action, Plaintiff was protected under the terms of R.I.G.L. § 42-112-1 et seq. and R.I.G.L. § 28-5-1 et seq.

## FACTS APPLICABLE TO EACH COUNT

16.   Harris is a female.

17.   Harris began working for the Defendants during or about December, 2005.

18.   Harris was terminated on September 5, 2007, at which time she held that position of Telemarketer/Recruiter.

19.   At all times, Harris maintained a satisfactory performance record, meeting or exceeding her employer's legitimate expectations.

20.   During her tenure of employment, Harris was compelled to work in a hostile environment, characterized by conduct of an egregious, pervasive, frequent, sexually-oriented nature perpetrated by Harris' immediate supervisor, also a female.

21.   The inappropriate conduct referenced in Paragraph 20 above included, but

was not limited to, Harris' immediate supervisor making sexually explicit comments to Harris about her (the supervisor's) sex life; including her enjoyment of anal sex.

22.     Upon information and belief, Harris' immediate supervisor also placed inappropriate documents on Harris' desk titled "Night out with the Boys/Girls" which included paragraphs such as a "Stripper Clause," in a further attempt to torment and harass Harris.

23.     Harris' immediate supervisor commonly used the word "nigger" in the workplace with the knowledge that Harris' son is biracial and that Harris found the word highly offensive.

24.     Harris objected to the misconduct cited in Paragraphs No. 20-23, did not welcome, participate in, or condone such behavior and found such conduct extremely offensive.

25.     When Harris informed her immediate supervisor that her comments and conduct made Harris feel uncomfortable, Harris was told by her immediate supervisor to stop being a prude and that she (Harris) needed to "get laid."

26.     Harris contacted the Regional Manager to express her concerns regarding

her work environment but was told to shut up and that she did not want to hear it.

27.     Harris submitted a formal written complaint on July 30, 2007, citing her concerns to the Owner of the company, but no effective remedial action was taken.

28.     Harris was terminated within a few weeks of submitting the written complaint cited in Paragraph No. 27 for the pre-textual reason of "misconduct."

29.     The Defendant has intentionally and willfully engaged in a series of unlawful acts, practices, policies, and procedures in violation of state and federal law intended to prevent employment discrimination based on gender, race, and color, and has retaliated against Harris because she asserted her rights to a lawful work environment.

30.     The Defendant's conduct reflects, in both purpose and effect, a blatant, willful, and/or malicious pattern of discrimination and unlawful treatment against Harris.  Such conduct has involved an intentional, reckless, and/or callous indifference to the statutorily protected rights of Harris.  The Defendant knowingly and purposefully subjected Harris to humiliating discriminatory and unlawful treatment as a result of her gender and race.

31.     The wrongful actions by Defendant that Harris complained of herein were taken without justification, excuse, or defense, but rather were taken in a purposefully discriminatory and unlawful manner, and have caused Harris lost employment, lost wages, lost benefits, humiliation, embarrassment, emotional and physical harm, and other damages.

COUNT I
DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
HOSTILE ENVIRONMENT
TERMINATION
DISCRIMINATION BASED ON GENDER & RACE
RETALIATION
RHODE ISLAND CIVIL RIGHTS ACT OF 1990
R.I.G.L. 42-112-1 ET SEQ.

32.     Paragraphs 1-31, above, are herein incorporated by reference in their entirety.

33.     By its conduct, Defendant has discriminated against Plaintiff on the basis of her sex and race, in the terms and conditions of her employment, in violation of the Rhode Island Civil Rights Act of 1990, R.I.G.L. 42-112-1 et seq., by:

a.     interfering with her right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender and race;

b.    depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c.    treating her in a hostile manner, and forcing her to work in a hostile, demeaning, and threatening environment based on her sex and race; and

d.    causing her lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to her reputation and professional mobility.

34.    As the direct, foreseeable, and intended result of Defendant's unlawful discrimination, Harris has suffered lost wages, benefits, irreparable harm to her good and valuable personal and professional reputation, as well as other damages, now and in the future, including severe and extreme emotional distress, with resulting physical and emotional manifestations.

35.    The unlawful practices engaged in by the Defendant was motivated by impermissible and unlawful considerations concerning Harris' gender and race. Such practices include, but are not limited to, Defendant's:

a.) subjecting Harris to discriminatory terms and conditions of employment because of her gender and race, and creating and tolerating a hostile work environment;

b.) retaliating against Harris for asserting her rights to be free from discrimination based on gender and race;

c.) terminating Harris.

36.    But for the Defendant's intent to discriminate against Plaintiff because of her gender and race, Defendant would not have subjected her to discriminatory terms and conditions of employment, created and tolerated a hostile work environment, retaliated against her, or terminated her.

37.    The Defendant purposefully, maliciously, and without justification or excuse, took discriminatory action with respect to Plaintiff's employment because of Plaintiff's gender and race.   The Defendant's conduct has unlawfully denied Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused harm to her reputation; and has caused her humiliation, as well as physical and/or emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

COUNT II
DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
HOSTILE ENVIRONMENT
UNLAWFUL TERMINATION
DISCRIMINATION BASED ON GENDER AND RACE
RETALIATION

RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT

R.I.G.L. § 28-5-1 et seq.

38.   Paragraphs 1-31 above are herein incorporated by reference in their entirety.

39.   Defendant willfully engaged in a policy or practice of discriminating against Plaintiff in violation of the RIFEPA.

40.   The Defendant's discriminatory conduct, policies, and practices are violative of the provisions of the RIFEPA by:

a.) interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender and race;

b.) depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c.) treating her in a hostile, demeaning, and otherwise unlawful manner based on her gender and race;

d.) causing her lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to her person and professional reputation.

41.   The unlawful practices engaged in by the Defendant were motivated by

impermissible and unlawful considerations concerning Harris' gender and race. Such practices include, but are not limited to, Defendant:

a.) subjecting Plaintiff to discriminatory terms and conditions of employment;

b.) creating and/or tolerating a work environment hostile towards Plaintiff on the basis of her gender and race;

c.) retaliating against Plaintiff for asserting her rights to be free from discrimination based on gender and race; and

d.) terminating Plaintiff.

42.    But for the Defendant's intent to discriminate against Plaintiff because of her gender and race, Defendant would not have subjected her to discriminatory terms and conditions of employment, forced her to work in a sexually hostile environment, or retaliated against her by terminating her for attempting to assert her right to be free from workplace conduct made unlawful by the RIFEPA.

43.    The Defendant's conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused irreparable harm to her reputation and professional mobility; and has cause her extreme humiliation, as well as physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

## COUNT III
### DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
### HOSTILE ENVIRONMENT
### UNLAWFUL TERMINATION
### DISCRIMINATION BASED ON GENDER AND RACE
### RETALIATION

### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### 42 U.S.C. §2000, ET SEQ.

44.    Paragraphs 1-31 above are herein incorporated by reference in their entirety.

45.    Defendants willfully engaged in a policy or practice of discriminating against Plaintiff in violation of Title VII.

46.    The Defendant's discriminatory conduct, policies, and practices are violative of the provisions of Title VII, by:

   a.) interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on gender and race;

b.) depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c.) treating her in a hostile, demeaning, and otherwise unlawful manner based on her gender and race;

d.) causing her lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to her person and professional reputation.

47. The unlawful practices engaged in by the Defendant were motivated by impermissible and unlawful considerations concerning Harris' gender and race. Such practices include, but are not limited to, Defendant:

a.) subjecting Plaintiff to discriminatory terms and conditions of employment;

b.) creating and/or tolerating a work environment hostile towards Plaintiff on the basis of her gender and race;

c.) retaliating against Plaintiff for asserting her rights to be free from discrimination based on gender and race; and

d.) terminating Plaintiff.

48. But for the Defendant's intent to discriminate against Plaintiff because of her gender and race, Defendant would not have subjected her to discriminatory terms and conditions of employment, forced her to work in

a sexually hostile environment, or retaliated against her by terminating her for attempting to assert her right to be free from workplace conduct made unlawful by Title VII.

49.    The Defendant's conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused irreparable harm to her reputation and professional mobility; and has cause her extreme humiliation, as well as physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

## COUNT IV
## RHODE ISLAND WHISTLEBLOWERS' PROTECTION ACT
### R.I.G.L. §28-50-1

50.    Paragraphs 1-31 are incorporated herein by reference in their entirety.

51.    Defendant retaliated against Plaintiff, by subjecting her to discriminatory terms and conditions of employment and terminating her because she sought to assert her right to be free from workplace discrimination and conduct which she reasonably believed to be made unlawful by state and federal law; and because she asserted her right to bring these matters to the

attention of appropriate public authority and/or indicated an intention to do so.

52.    Defendant's conduct is in violation of the Rhode Island Whistleblowers' Protection Act, R.I.G.L. §28-50-1 et seq.

53.    As a result of the Defendant's discriminatory and retaliatory conduct, Plaintiff has suffered severe distress, with resulting physical and/or emotional injuries, humiliation, harm to her career, harm to her reputation, lost wages, lost opportunities for advancement, attorney's fees, and other damages.

WHEREFORE, Plaintiff prays that judgment be entered for Plaintiff and against Defendant and that she be awarded all damages and equitable relief requested, as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a.) an order that the Defendant institute and carry out practices, policies and programs which provide equal employment opportunities to qualified individuals, regardless of gender and/or race;

b.) an order that the Defendant make whole the Plaintiff with appropriate promotional opportunities, lost earnings, back-pay, front-pay, the value of lost benefits, and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

c.) an order that the Defendant make whole the Plaintiff by providing for any additional pecuniary losses and compensation for the damage done to her valuable reputation, in amounts to be determined at trial;

d.) an order that the Defendant make whole the Plaintiff by providing compensation for non-pecuniary losses, including but not limited to emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages pursuant to R.I.G.L. § 28-50-4, 42-112-2, and 28-5-24;

e.) grant attorney's fees and the costs of this action;

f.) grant punitive or exemplary damages, as appropriate to punish the Defendant for its malicious conduct and/or for its reckless and/or callous indifference to the statutorily protected rights of the Plaintiff, including an appropriate award pursuant to R.I.G.L. § 28-50-4, 42-112-2, and 28-5-1;

g.) grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date this cause of action accrued, pursuant to R.I.G.L.§ 9-21-10;

h.) grant such further relief as this court deems necessary and proper.


DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in this Complaint triable as of right by jury.

Respectfully Submitted,
Melinda Harris
By Her Attorney,

Stephen T. Fanning #3900
306 South Main Street
Providence, RI 02903
401-272-8250 (Phone)
401-272-4520 (FAX)